WRIGHT, FINLAY & ZAK, LLP
R. Samuel Ehlers, Esq.
Nevada Bar No. 9313
Aaron D. Lancaster, Esq.
Nevada Bar No. 10115
alancaster@wrightlegal.net
7785 W. Sahara Avenue, Suite 200
Las Vegas, NV 89117
(702) 475-7965; Fax: (702) 946-1345
*Attorneys for Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust;<br><br>Plaintiff,<br>vs.<br><br>SUMMERHILLS OWNERS ASSOCIATION, a Nevada non-profit corporation; NEVADA ASSOCIATION SERVICES, INC., a Nevada corporation; and DOES I through X, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-02194-JCM-CWH<br><br>**STIPULATION AND ORDER TO STAY** |

Plaintiff, U.S. Bank, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank"), and Defendant, Summerhills Owners Association ("HOA"), by and through their respective counsels of record, hereby stipulates as follows in accordance with LR6-1 and LR 26-4.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, a court may weigh the following: (1) the possible

1 damage which may result from the granting of a stay; (2) the hardship or inequity which a party
2 may suffer in being required to go forward; (3) the orderly course of justice measured in terms
3 of the simplifying or complicating of issues, proof, and questions of law which could be
4 expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

5 WHEREAS the above-captioned matter concerns claims regarding real property located
6 at 7555 Glowing Ember Ct #101, Las Vegas, Nevada 89130 (the "Property").

7 WHEREAS, U.S. Bank is a party in a separate action titled, <u>My Home Now, LLC v.
8 JPMorgan Chase Bank, N.A., et al.</u>, Case No. 2:16-cv-00727-GMN-NJK ("Buyer Action"),
9 regarding competing quiet title claims to the Property. Summary Judgment was entered in favor
10 of U.S. Bank in the Buyer Action. My Home Now, LLC has filed an appeal of the order
11 granting U.S. Bank's Motion for Summary Judgment in the Buyer Action ("Appeal").

12 WHEREAS on January 26, 2018, the U.S. District Court for the District of Nevada
13 issued an Order in the Buyer Action holding: "due to the unconstitutional notice scheme, the
14 Court grants summary judgment for U.S. Bank and Caliber's claim for quiet title and quiets title
15 as a matter of law in favor of U.S. Bank as assignee of the Deed of Trust." ECF No. 84, 15:18-
16 20.

17 WHEREAS, the parties agree that the outcome of the Appeal will have a substantial
18 affect on this matter. The parties further agree that a temporary stay until that Appeal is decided
19 will preserve their own and judicial resources. Because the United States Court of Appeal for
20 the Ninth Circuit's decision may alter or eliminate the need for discovery on many contested
21 issues, the Parties hereby stipulate to stay all proceedings in this Case until the Appeal is
22 resolved.

23 NOW WHEREFORE, based on the foregoing,

24 IT IS HEREBY STIPULATED AND AGREED that staying this case pending decision
25 from the United States Court of Appeal for the Ninth Circuit on the Appeal will enable the
26 parties to present arguments and evidence to this Court at an appropriate time with complete
27 legal authority, thereby promoting the most efficient use of the Court's and the parties' limited
28 resources. Staying the case pending the decision from the United States Court of Appeal for the

1  Ninth Circuit on the Appeal will also enable the parties to commence settlement discussions.
2      IT IS FURTHER STIPLATED AND AGREED that either party may file a written
3  motion to lift stay at any time either party determines it appropriate, and either party may file an
4  opposition to the motion.
5      IT IS FURTHER STIPULATED AND AGREED that all proceedings in this lawsuit are
6  stayed, and all upcoming deadlines, hearings and conferences, including the deadline for the
7  HOA and U.S. Bank to file dispositive motions and the pre-trial order, shall be vacated pending
8  the stay.

DATED this 1st day of March, 2018.      DATED this 1st day of March, 2018.

WRIGHT, FINLAY & ZAK, LLP      BOYACK ORME & ANTHONY

*/s/ Aaron D. Lancaster*      */s/ Christopher B. Anthony*
Aaron D Lancaster, Esq.      Edward D. Boyack, Esq.
7785 W. Sahara Ave, Suite 200      Christopher B. Anthony, Esq.
Las Vegas, NV 89117      7432 W. Sahara Avenue, Suite 101
*Plaintiff, U.S. Bank Trust, N.A., as*      Las Vegas, NV 89117
*Trustee for LSF9 Master*      *Attorneys for Defendant Summerhills Owners*
*Participation Trust*      *Association*

IT IS SO ORDERED. IT IS FURTHER ORDERED that the parties must file a joint status report on May 31, 2018, and every 90 days thereafter, until the stay is lifted.

DATED March 2, 2018

_____
UNITED STATES MAGISTRATE JUDGE

.